Dear Mr. Luster:
You have advised that the Natchitoches Parish Hospital Service District is considering granting a medical scholarship pursuant to the provisions of La. R.S. 46:1101-1112. In connection with such scholarships, you have raised the following issues which you ask that we address:
 1. Are sums to be granted by scholarship limited to amounts to be paid to the dean of the medical school to defray tuition costs, or may the funds be issued directly to the medical student to defray the costs of prior years' education?
 2. Is the proposed contract acceptable?
 3. Are the scholarship resolution and criteria appropriate?
The provisions of R.S. 46:1105 address the issues raised by your first question. That statute provides:
 § 1105. Warrant issued for scholarship.
 Funds for the scholarships awarded as herein provided shall be issued by the board of commissioners to the dean of the medical school to which the recipient has been admitted or in which he is engaged in study, or to the chief administrator of any internship or residency program in which he is engaged, upon the warrant of the dean or chief administrator for the amount fixed in the warrant and shall be payable to the scholarship recipient designated thereon. Said warrant upon presentation shall be paid by the board of commissioners out of funds budgeted by said board for the purpose.
Clearly, all sums payable pursuant to a medical scholarship must be issued to, and upon the warrant of, the dean of the medical school or the chief administrator of the internship or residency program where the scholarship recipient is in training. The purpose of this requirement would appear to be to assure that the recipient is actively engaged in medical training. The dean or chief administrator after confirming enrollment shall then pay the funds thus received to the scholarship recipient.
Nothing in the statute limits the scholarship to payment of the cost of tuition. R.S. 46:1101A provides that, "Each scholarship shall be awarded for the purpose of defraying the costs of tuition and other related expenses and costs forattendance at medical school, or for internship or residency." (Emphasis added.) This language is obviously much broader than tuition and could include virtually any living or educational expense associated with pursuit of a medical education. While the statute does not provide for the use of scholarship funds to defray costs of prior years' education, there is no prohibition of such an arrangement. We see no legal obstacle to such funds being applied to such expenses previously incurred.
We have reviewed the scholarship resolution and criteria which you have adopted along with the proposed scholarship contract and find all of these documents appropriate and acceptable. Enclosed with this opinion is a copy of a Contract for Medical Scholarship which has been prepared and approved by this office for similar scholarships in the past. You may make use of this form if you choose to do so.
I trust that this answers your inquiry. Please advise if we may be of any further assistance to you in this matter.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: GLENN R. DUCOTE
Assistant Attorney General
RPH/GRD/sfj Enclosure
UNITED STATES OF AMERICA
STATE OF LOUISIANA
PARISH OF
 CONTRACT FOR MEDICAL SCHOLARSHIP
BE IT KNOWN, that on this _____________ day of ___________________________ , 19__.
BEFORE ME, the undersigned Notary Public, personally came and appeared: ____________________________________ and _________________________________________, who declared they are Chairman and Vice-Chairman, respectively, of the Board of Commissioners of ___________________________________________; that they are so authorized and do provide a medical scholarship to _____________________________ in the amount of ___________________________________________, on behalf of the Board of Commissioners of ________________________________ pursuant to the provisions of La. R.S. 46:1101 through 46:1112, which provisions in parts pertinent are hereby incorporated and made a part hereof.
______________________________ personally came and appeared and declared that he/she is a citizen of the United States and a resident of the State of Louisiana; that he/she is admitted to or engaged in the study of medicine at ____________________________ School of Medicine, located *Page 2 
in _____________________________________, or that he/she is engaged in an internship or residency program within the State of Louisiana; that in consideration for the medical scholarship granted to him/her by the Board of Commissioners of ___________________________________________, he/she promises to practice family medicine in an area designated by the Board of Commissioners where there is a shortage of physicians practicing family medicine, for a period of not less than three years, beginning at a time designated by the Board of Commissioners; and that he/she intends to use the medical scholarship for the purpose of defraying the costs of tuition and other related expenses and costs of attending school, or for internship or residency.
The Board of Commissioners and ________________________ further agree that if the recipient fails to comply fully with any condition of this contract or any provision of La. R.S.46:1112, the recipient shall remit to the Board of Commissioners that amount of scholarship awarded as the number of months that the recipient failed to comply with this condition bears to the number of months he/she was obliged to comply. Said amount shall be computed together with interest at the legal rate, such interest to be computed from the date on which the recipient completed professional training and active military service, if any. Such payment shall be completed within six years from date of which the scholarship shall begin to draw interest; that the permanent withdrawal or dismissal of a recipient from medical school, internship, or *Page 3 
residency shall forfeit immediately the right of the recipient to retain the scholarship; the scholarship shall begin to bear interest at that time, and repayment shall be made to the Board and completed within six years; that any recipient of a scholarship who fails to return to the area designated by the Board upon completion of medical training shall begin repayment of the scholarship, with interest, within one year after completion of medical training. Repayments shall be made to the Board and completed within six years; and that any obligation to comply with such contract shall be cancelled upon the death of the recipient, upon receipt of a certified copy of the death certificate by the Board, or upon the permanent and total disability of the recipient.
Thus done and signed before me, Notary on the date first mentioned above, in the parish and state aforesaid.
___________________________ _____________________________ CHAIRMAN RECIPIENT BOARD OF COMMISSIONERS
___________________________ VICE-PRESIDENT BOARD OF COMMISSIONERS
 ________________________________ NOTARY PUBLIC